WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale Maisano,<br><br>                        Plaintiff,<br><br>   vs.<br><br>Sheriff Joseph M. Arpaio, et al.,<br><br>                        Defendants. | No.   CV 14-1881-PHX-SMM (MHB)<br><br>**O R D E R** |

**I.   Background**

Plaintiff Dale Maisano, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, has abused the legal process egregiously and often. He is subject to the three-strikes provision of the Prisoner Litigation Reform Act. In addition, in an August 11, 1992 Order and Restraining Order in *Maisano v. Lewis*, 92-CV-1026-PHX-SMM (MS), the Court concluded that "[i]t has become obvious from the nature of the Plaintiff's complaints and his lack of good faith that he simply desires to burden the judicial system with complaints, without regard for their merit or final disposition" and enjoined Plaintiff from filing any civil action in this or any other federal court without first obtaining leave of the court. *See* August 11, 1992 Order and Restraining Order in *Maisano v. Lewis*, CV 92-1026-PHX-SMM (MS).[1] When seeking to leave, Plaintiff was required to file an "Application Pursuant to Court Order Seeking Leave to File"

---

[1] Plaintiff appealed the final judgment in CV 92-1026-PHX-SMM (MS) to the Ninth Circuit Court of Appeals. On March 17, 1993, the Court lodged a certified copy of the Ninth Circuit's mandate dismissing the appeal.

accompanied by a copy of the 1992 Restraining Order, a list of all cases previously filed involving similar or related causes of action, and an affidavit certifying that: (1) the claim or claims he wishes to present are new and have never been raised and disposed of on the merits by any federal court, and (2) to the best of his knowledge, the claim or claims are not frivolous or taken in bad faith. *Id.*

Unfortunately, the 1992 Restraining Order proved to be insufficient to quell Plaintiff's assault on the federal courts. In a January 29, 2014 Order to Show Cause in *Maisano v. Clark*, 14-CV-0001-TUC-RCC (D. Ariz. 2014), Chief United States District Court Judge Raner C. Collins examined Plaintiff's voluminous filings and concluded, based on the number and nature of Plaintiff's filings, that Plaintiff's conduct was manifestly abusive and harassing and that the 1992 Restraining Order had proven insufficient to restrain Plaintiff's abuse of the courts. The Court concluded that more stringent measures were required, proposed an additional abusive-litigant injunction, and gave Plaintiff an opportunity to show cause in writing why such an injunction should not be imposed.

After Plaintiff responded to the Order to Show Cause, Chief Judge Collins issued a February 20, 2014 Injunction Order that enjoined Plaintiff from filing or lodging more than one *in forma pauperis* lawsuit per month in this Court, refused to accept any transfers pursuant to 28 U.S.C. § 1406(a) of cases filed by Plaintiff in other Districts, and reiterated and supplemented the requirements of the 1992 Restraining Order.[2] In addition, the 2014 Injunction Order enjoined Plaintiff from filing any civil action in this or any other federal court without first obtaining leave of the court. When seeking leave to file, Plaintiff is required to file a motion for leave to file that is captioned as an "Application Pursuant to Court Order Seeking Leave to File" and which contains a copy of the 2014 Injunction Order, a copy of the January 29, 2014 Order to Show Cause, a

---

[2] In an April 8, 2014 Order, the Ninth Circuit Court of Appeals reviewed Plaintiff's Notice of Appeal of the Injunction Order and Plaintiff's accompanying documents, concluded that "the appeal is so insubstantial as to not warrant further review," and did not permit the appeal to proceed. *See* Doc. 8 in 14-CV-0001-TUC-RCC.

copy of the 1992 Restraining Order, a list of all cases previously filed involving similar or related causes of action, an affidavit certifying that the claim or claims presented are new and have never been raised and disposed of on the merits by any federal court, and a certification that, to the best of his knowledge, the claim or claims presented are not frivolous or taken in bad faith. *Id.* In addition, because Plaintiff has "three-strikes," the 2014 Injunction Order required that any lawsuit Plaintiff filed or lodged "clearly, coherently, and credibly" alleges that Plaintiff is under imminent danger of serious physical injury. *Id.*

## II.     Plaintiff's Current Lawsuit

On June 25, 2014, Plaintiff filed a Complaint in the Superior Court of Maricopa County, Arizona, against the undersigned, eight other district court judges from the District of Arizona, four district court judges from the Middle District of Tennessee, three judges from the Ninth Circuit Court of Appeals, the State of Arizona, the Arizona Governor, the Arizona Attorney General, the Director of the Arizona Department of Corrections (ADOC), the Maricopa County Sheriff, ADOC Warden Moody and Deputy Warden Scott, an unknown ADOC sergeant, two unknown ADOC Correctional Officer IIs, nurse practitioner Rick Unger, Corizon Health Inc., Canteen/Trinity Group/Correctional Food Services Inc. (Canteen), and an unknown Canteen "whiteshirt."[3]

On August 22, 2014, Defendants Chris Moody and Travis Scott filed a Notice of Removal and removed the lawsuit to this Court. On September 3, 2014, Defendant Arpaio filed a Motion to Dismiss (Doc. 6).

### A.     Removal

A State court defendant may remove to federal court any civil action brought in the state court over which the federal district courts would have original jurisdiction. 28

---

[3] In addition, on Plaintiff's Civil Cover Sheet, he also lists as Defendants: the United States Department of Justice's "NYA" Civil Rights Division, the Arizona Secretary of State, the Maricopa County Attorney, an attorney with the Prison Law Office, and the American Civil Liberties Union of Arizona.

- 3 -

U.S.C. § 1441(a).  In his June 25 Complaint, Plaintiff alleges, among other things, violations of his federal constitutional rights, 42 U.S.C. § 1997e, 42 U.S.C. § 1985, the "Civil Rights Act of 1871," and "RICO."  This Court's jurisdiction extends to such claims.  28 U.S.C. §§ 1331, 1343(a).  Defendants timely removed.  Accordingly, removal is appropriate.

### B. Recusal Issue

Plaintiff has named the undersigned as a Defendant in this action.  Ordinarily, when a judge assigned to the case is named as a party, the judge would recuse himself *sua sponte* pursuant to 28 U.S.C. § 455, which requires a judge to recuse himself "in any proceeding in which his impartiality might be reasonably questioned" or when he is "a party to the proceeding."  28 U.S.C. § 455(a) and (b)(5)(i).  However, this case is not ordinary.

When a litigant becomes unhappy with a judge's rulings in a case, a litigant might seek to force the judge to recuse himself by filing a lawsuit against the judge.  But a "'judge is not disqualified merely because a litigant sues or threatens to sue him.'  Such an easy method for obtaining disqualification should not be encouraged or allowed."  *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981) (citation omitted), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984).

"'[A] judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks.'"  *United States v. Sutcliffe*, 505 F.3d 944, 958 (9th Cir. 2007) (quoting *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986)).  Similarly, "[w]here a claim against the undersigned judge is so wholly frivolous that there is no jurisdiction, the assigned judge should be able to decline to recuse and proceed with dismissing the case."  *Snegirev v. Sedwick*, 407 F. Supp. 2d 1093, 1095 (D. Alaska 2006).  *See also Reddy v. O'Connor*, 520 F. Supp. 2d 124, 131 (D.D.C. 2007) ("recusal is not required where the claim asserted is 'wholly frivolous' or a litigant has named a judicial officer as a defendant to force him out of the case and hence obtain

assignment of a judge the litigant considers more desirable." (quoting *Snegirev*, 407 F. Supp. 2d at 1095)).

The Court lacks subject-matter jurisdiction over a claim that is "wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998). An action under 42 U.S.C. § 1983 may be dismissed as frivolous "where the defense is complete and obvious from the face of the pleadings." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). Such claims include those in which "it is clear that the defendants are immune from suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Snegirev*, 407 F. Supp. 2d at 1097 (claim precluded by judicial immunity was frivolous). Such is the case here.

Plaintiff has made no actual allegations against the undersigned, other than a generic allegation that "[a]ll other Defendants have full knowledge of food theft."[4] Thus, Plaintiff's lawsuit against the undersigned is based, at best, on the undersigned's rulings in prior cases. As to those rulings, the undersigned is protected by judicial immunity.

Judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

. . . .

. . . .

---

[4] Similarly, Plaintiff has made no actual allegations against the other federal judges or the vast majority of the other Defendants.

- 5 -

The Court finds that Plaintiff's claim against the undersigned, to the extent Plaintiff has actually made a claim against the undersigned, is precluded by judicial immunity and is frivolous.  Thus, the Court declines to recuse itself.

### C. Dismissal of Lawsuit

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

The Court will dismiss the Complaint because it is frivolous, malicious, and vexatious.  In so doing, the Court finds persuasive the reasoning in *Sassower v. Abrams*, 833 F. Supp. 253 (S.D.N.Y. 1993).  In that case, the plaintiff was subject to federal injunction orders designed to stop his abuse of the judicial system.  *Id.* at 255-56.  The plaintiff filed multiple lawsuits in state court that were removed by the defendants.  *Id.* at 255.  The federal district court dismissed the cases as frivolous and vexatious, noting that although the lawsuits arguably were not subject to the injunction orders because they were filed in state court and removed to the district court by the defendants, "[the plaintiff] should not be able to use defendants' removal of these actions as an opportunity to thwart the clear intent of the [injunction orders] by renewing his frivolous and vexatious litigation in this Court."  *Id*. at 267.  The court reviewed the plaintiff's new lawsuits and his litigation history and concluded that the plaintiff was "engaged in a bad faith attempt to relitigate adjudicated matters by adding the names of judges, officials, and private individuals who have been involved in the numerous past decisions rejecting his claims."  *Id.*  The court concluded that the plaintiff's new lawsuits were "unequivocally intended to harass the named defendants."  *Id.*  Thus, the court dismissed the lawsuits, stating that the court would "not permit [plaintiff] to circumvent the [injunction orders] and engage in yet another series of vexatious lawsuits in this Court

which will harass defendants with needless litigation and result in further abuse of the judicial system." *Id.*

Plaintiff's allegations are virtually the same as his allegations presented in numerous lawsuits previously lodged or filed in this Court. Moreover, filing lawsuits against a variety of federal judges simply because they have ruled against him is an unveiled attempt to harass and vex members of the judicial system who are immune from suit. By filing his lawsuit in state court with either the knowledge or the expectation that Defendants would remove the lawsuit to federal court pursuant to 28 U.S.C. § 1441 or § 1442, Plaintiff has engaged in a bad faith attempt to circumvent the 2014 Injunction Order and avoid the court-imposed limitation on the number of his lawsuits and requirement that he obtain permission to file his lawsuit. Permitting Plaintiff to proceed in this fashion would thwart the 2014 Injunction Order and would provide Plaintiff with another flank on which to continue his assault on the federal judiciary. Therefore, the Court, in its discretion, will dismiss this lawsuit as frivolous, malicious, or vexatious.

Dismissing the lawsuit preserves Defendants' right to remove, yet prevents Plaintiff from thwarting the 2014 Injunction Order. Dismissal places Plaintiff in the same position he would have been in if he had filed his lawsuit in this Court at the outset. If Plaintiff had filed his lawsuit here initially, it would have been dismissed because Plaintiff did not comply with the 2014 Injunction Order. Moreover, the lawsuit would have been dismissed under the three-strikes provision of 28 U.S.C. § 1915(g) because Plaintiff's claims do not satisfy the requirement that he make a "*plausible allegation* that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (emphasis added).

**IT IS ORDERED:**

(1) Plaintiff's Complaint and this action are **dismissed without prejudice**, pursuant to 28 U.S.C. § 1915A(a). The Clerk of Court must enter judgment accordingly and close this case.

(2) Defendant Arpaio's Motion to Dismiss (Doc. 6) is **denied as moot**.

1
2       (3)    The Clerk of Court must update the docket to reflect that Plaintiff is
3 currently confined in the Arizona State Prison Complex-Florence, East Unit, and must
4 send this Order to Plaintiff at that address.
5       (4)    The Clerk of Court must send a courtesy copy of this Order to the Chief
6 Judge of the United States District Court for the Middle District of Tennessee.
7       (5)    **The Clerk of Court must accept no further documents for filing in this**
8 **case number, other than those in furtherance of an appeal**.
9       (6)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.
10 § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of
11 this decision would not be taken in good faith.
12       DATED this 5th day of September, 2014.

_Stephen M. McNamee_
Stephen M. McNamee
Senior United States District Judge